UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LEONARDO PEREZ CARDOSO,

       Petitioner,

    v.                                             Case No.:  2:26-cv-01324-SPC-NPM

D.H.S./I.C.E. *et al*,

       Respondents,

                                /

## **OPINION AND ORDER**

Before the Court are petitioner Leonardo Perez Cardoso's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 8).

Perez Cardoso is a native of Cuba who entered the United States during the Mariel boatlift in May 1980, and later became a lawful permanent resident. Between 1990 and 2001, he was convicted of a slew of crimes, including burglary (five times), assault, armed robbery, and drug possession (three times).  An immigration judge ordered Perez Cardoso removed to Cuba on August 29, 2002.  Immigration and Customs Enforcement ("ICE") detained him for 95 days before releasing him under an order of supervision.  Since then, Perez Cardoso has been convicted of aggravated stalking (twice), domestic violence (four counts), criminal mischief, and battery (three counts).  ICE detained Perez Cardoso for 145 days in 2008, before releasing him on another order of supervision.

On January 24, 2026, local law enforcement arrested Perez Cardoso for possession of cocaine and contacted Immigration and Customs Enforcement ("ICE"). ICE issued a detainer and took custody of Perez Cardoso the next day. He is currently detained at Alligator Alcatraz. Perez Cardoso argues his detention is unlawful because removal is not significantly likely in the reasonably foreseeable future.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day

removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The respondents argue Perez Cardoso's petition is premature because his current detention has not exceeded 180 days. They assume a six-month presumptively reasonable period of detention starts each time a noncitizen is detained. That assumption is inconsistent with *Zadvydas*. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Perez Cardoso carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. The government was unable to remove him in 2002, and Cuba has long refused to repatriate Mariel Cubans. The burden shifts to the government. ICE states it

is considering third-party removal, but it has taken no concrete steps towards removal. Nor does the government offer any reason to believe Mexico will accept Perez Cardoso. The Court finds no significant likelihood Perez Cardoso will be removed in the reasonably foreseeable future.

However, assuring the presence of a noncitizen at the moment of removal is not the only statutory justification for immigration detention. "The second justification—protecting the community—does not necessarily diminish in force over time." *Zadvydas*, 533 U.S. at 690. The Supreme Court has "upheld preventative detention based on dangerousness only when limited to specially dangerous individuals and subject to strong procedural protections." *Id*. Given Perez Cardoso's criminal history, the Court will give ICE an opportunity to determine whether his detention is necessary to protect the community.

Accordingly, it is hereby

**ORDERED:**

Leonardo Perez Cardoso's Petition for Writ of Habeas Corpus (Doc. 1) remains under advisement.

1. Within 30 days of this Order, ICE shall conduct a custody review to determine whether Perez Cardoso poses a danger to the community sufficient to justify continued detention.

2. Within seven days of the custody review, the respondents shall file a supplemental response, addressing the results of the review and any

updates on removal efforts.  If ICE determines continued detention is appropriate, the respondents must explain why.

3.  Perez Cardoso may file a reply within three days of the supplemental response.

**DONE AND ORDERED** in Fort Myers, Florida on May 22, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record